UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHELLE ROPER-JOYNER,

    Plaintiff,

v.

U.S. DEPARTMENT OF DEFENSE, et al.,

    Defendants.

Case No. 24-cv-13481

Honorable Robert J. White

**ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

Richelle Roper-Joyner commenced this action to obtain a federal court subpoena directing a Department of Defense agency – the Defense Finance and Accounting Service ("DFAS") – to produce records pertaining to her former spouse's military pension. Roper-Joyner seeks the requested relief, claiming that DFAS will not honor a state court subpoena issued to effectuate the provisions of her judgment of divorce. (ECF No. 1, PageID.2-4, ¶¶ 5-6, 14-15, 17-19). After reviewing the complaint, the Court finds that it lacks the requisite subject matter jurisdiction to entertain this litigation.

Article III to the United States Constitution "limits the federal courts' subpoena power to cases where a federal court has subject-matter jurisdiction over

the underlying action, or in certain circumstances where an action is cognizable in federal court, or where the subpoena is necessary for the court to determine and rule upon its own jurisdiction, including jurisdiction over the subject matter." *Houston Bus. Journal v. Office of the Comptroller of the Currency, United States Dep't of Treasury*, 86 F.3d 1208, 1213 (D.C. Cir. 1996) (internal citations and quotations omitted); *see also United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79 (1988).  Federal district courts "are not free-standing investigative bodies whose coercive power may be brought to bear at will in demanding documents from others." *Houston Bus. Journal*, 86 F.3d at 1213.  The "discovery devices" available to federal courts may only be used to "facilitate the resolution of actions cognizable in federal court." *Id; see also In re Gray*, 162 F.3d 1172 (table), 1998 U.S. App. LEXIS 25779, at *3-4 (10th Cir. 1998).

Because Roper-Joyner seeks a Rule 45 subpoena directing DFAS to produce financial information to assist a state court with the drafting of a qualified domestic relations order (ECF No. 1, PageID.3-4, ¶¶ 15-18), and because the underlying divorce proceeding falls outside a district court's federal subject matter jurisdiction, "the subpoena enforcement power of the federal courts is unavailable in such circumstances." *Houston Bus. Journal*, 86 F.3d at 1213; *see also Chevalier v. Estate of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015) (holding that "[i]f the plaintiff is seeking to dissolve the marriage and resolve all matters concerning property and

2

children, then the case falls within the domestic-relations exception" to federal diversity jurisdiction).

The appropriate course of action is for Roper-Joyner to request the documents from DFAS "pursuant to the agency's regulations." *Houston Bus. Journal*, 86 F.3d at 1212.  The pertinent Department of Defense regulations are located at 32 C.F.R. §§ 97.1-97.11 (Part 97 – Release of Official Information in Litigation and Presentation of Witness Testimony By DoD Personnel).  Should DFAS decline to produce the requested financial documents, "the sole remedy" for Roper-Joyner is to then "file a collateral action in federal court" under the Administrative Procedure Act. *Id.*; *see also In re Gray*, 1998 U.S. App. LEXIS 25779, at *4; 5 U.S.C. §§ 704, 706; 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.2 (3d ed. Jul. 2024 Update) ("The only recourse for a state court litigant is to bring a separate action in federal court under the Administrative Procedure Act ("APA") to challenge the agency's decision not to comply.").  Accordingly,

IT IS ORDERED that the complaint (ECF No. 1) is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to close the case.

3

Dated: January 23, 2025                    s/Robert J. White
                                                                  Robert J. White
                                                                  United States District Judge